UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANEA MARIE CACHEIRO,

    Plaintiff,

v.                                               Case No: 8:16-cv-2643-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT WITH REMAND

THIS MATTER is before the Court on Defendant's Opposed Motion for Entry of Judgment with Remand. (Dkt. 17.) Defendant, the Commissioner of Social Security ("Commissioner") requests, under sentence four of 42 U.S.C. § 405(g), that judgment be entered reversing the decision of the Commissioner and remanding to the Administrative Law Judge ("ALJ") for the ALJ's further evaluation of the Plaintiff's claim, including:

> [W]hether Plaintiff's severe impairment of carpal tunnel syndrome causes manipulative limitations. The ALJ will also evaluate all of the opinions in the record—including those of Dr. DeSilva and Dr. Gu—and explain why he is accepting or rejecting the opinion or portions of the opinion.

(Dkt. 17.)

Pursuant to sentence four of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When a case is remanded under sentence four of § 405(g), the district court's jurisdiction over the plaintiff's case is terminated. *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996); *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990) (finding that a district

court's order remanding under sentence four of § 405(g) "terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits"). "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

A remand under sentence four of § 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." *Jackson*, 99 F.3d at 1095. Here, the Commissioner concedes error by requesting a reversal of the Commissioner's decision. Specifically, the Commissioner appears to request this matter be reversed based on the first two issues addressed in Plaintiff's Memorandum of Law. (Dkt. 16.) However, the third issue addressed by Plaintiff, the ALJ's failure to discuss whether Plaintiff's impairments are severe, is connected to the ALJ's evaluation of all of the medical opinions in the record. Therefore, on remand, the ALJ shall evaluate all three issues addressed in Plaintiff's Memorandum of Law. (Dkt. 16.) Accordingly, it is

**ORDERED**:

1. The Commissioner's Opposed Motion for Entry of Judgment with Remand (Dkt. 17) is **GRANTED**.

2. The Commissioner's decision denying Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income is **REVERSED**.

3. The case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

4.	The Clerk of the Court is directed to terminate all other pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, on April 3, 2017.

							_____
							JULIE S. SNEED
							UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record